OPINION
On June 2, 1999, Lieutenant Steven Wilder of the North Canton Police Department responded to a disturbance call at 400 Bachtel, S.W., North Canton, Ohio. Upon arriving on the scene, Lieutenant Wilder observed appellant, Jeffrey Kellog, age eighteen, emerge from the front door. Appellant had difficulty walking and smelled of an alcoholic beverage. As Lieutenant Wilder began to question appellant, appellant's mother intervened and attempted to take appellant home. Lieutenant Wilder explained he was conducting an investigation, and asked appellant if he had been drinking. Appellant responded in the affirmative. Thereafter, appellant was charged with consumption of alcohol by a minor in violation of North Canton City Ordinance 529.021. On July 15, 1999, appellant filed a motion to suppress his statements made to police. A hearing was held on September 17, 1999. By judgment entry filed September 29, 1999, the trial court denied said motion. On November 24, 1999, appellant pled no contest. By judgment entry filed same date, the trial court found appellant guilty and sentenced him to one hundred eighty days in jail, all suspended in lieu of community service. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS.
 I
Appellant claims the trial court erred in denying his motion to suppress. Appellant claims that he was in custody or otherwise deprived of his freedom by the police in a significant way when Lieutenant Wilder asked him two questions. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are again the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37
. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." The facts are not in dispute. The police were called to investigate a disturbance caused by juveniles in and around a residence located at 400 Bachtel, S.W. T. at 6. When the police arrived on the scene, they began to question juveniles outside the residence. Id. During this time, appellant exited the residence alone onto the front porch. T. at 7. Lieutenant Wilder noticed appellant was staggering, swaying and appeared out of control. T. at 8. Lieutenant Wilder approached appellant to question him. Id. At the same time, appellant's mother drove up to the residence and came onto the porch. T. at 7-8. Lieutenant Wilder asked appellant if he had been drinking and appellant answered "yeah." T. at 8. Lieutenant Wilder then asked appellant to breathe into his face and appellant replied "no." Id. Thereafter, Lieutenant Wilder placed appellant under arrest. Id. Lieutenant Wilder testified the first thing he said to appellant was the question as to whether he had been drinking. T. at 9. Lieutenant Wilder never touched appellant, but was prepared to catch him in case he fell. T. at 10-11. Lieutenant Wilder admitted that when appellant came out of the residence, he was not free to leave because it was his duty "to make sure that those kids weren't injured, weren't hurt, weren't under the influence of alcohol or drugs before I was to release anybody." T. at 11. Appellant's mother testified she was dragging appellant by the elbow and telling appellant to "let's go" before Lieutenant Wilder asked any questions. T. at 16. She testified Lieutenant Wilder had told her she could not take her son home "because they were conducting an investigation." T. at 17. The gravamen of this appeal is whether the above disputed facts establish that appellant was in custody or otherwise deprived of his freedom in any significant way. Miranda v. Arizona (1966), 384 U.S. 436. This analysis requires a trial court to determine how a reasonable person in appellant's position would have understood the situation. Berkemer v. McCarty (1984), 468 U.S. 420. Appellant argues Berkemer is not applicable because Berkemer involved a traffic stop, not a domestic disturbance call. We disagree that we should exclude the reasoning of Berkemer based upon such a finite distinction. The holding of Berkemer shifts the focus away from an officer's "unarticulated plan" to what the suspect perceived at the time. Berkemer at 442. Justice Marshall focused on the atmosphere surrounding an encounter where asking a single question or requesting a single test is "not the fundamental equivalent of an arrest." Berkemer at 439. As further discussed in Stansbury v. California (1994), 511 U.S. 318, 323, the "initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned." Based upon the totality of the circumstances, we find appellant's own actions belie the issue of custody. Appellant did not come out to the police until his mother had arrived, he freely answered the two questions and in the last question, refused to cooperate with the officer. Regardless of Lieutenant Wilder's unarticulated plan, appellant subjectively acted as if he was not restrained of his freedom. Upon review, we find the trial court did not err in denying the motion to suppress. The sole assignment of error is denied.
The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Wise, J. and Edwards, J. concur.